UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RICHARD GASTELUM-ALMEIDA,

    Plaintiff,

v.                                         CASE NO. 5:12-cv-354-Oc-23PRL

TAMYRA JARVIS, et al.,

    Defendants.
_____/

## **ORDER**

While incarcerated at the United States penitentiary in Coleman, Florida, Gastelum-Almeida filed a complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (authorizing a civil rights action against a federal official). Gastelum-Almeida seeks expungement of his disciplinary conviction and restoration of good time credit lost as a result of a disciplinary hearing on February 16, 2012.[1]

*Heck v. Humphrey*, 512 U.S. 477 (1994) holds that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

---

[1] Gastelum-Almeida was transferred to and is now incarcerated at the United States penitentiary in Beaumont, Texas

512 U.S. at 487 (footnote omitted). The Supreme Court has applied *Heck* to a claim challenging a prison disciplinary action even when reinstatement of lost good-time credit is not explicitly sought. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (holding that *Heck* bars a prisoner's complaint that "would, if established, imply the invalidity of the deprivation of his good-time credits"). Moreover, the Supreme Court stated that one reason for imposing the requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil action. 512 U.S. at 484.

Because a decision for Gastelum-Almeida in this action would imply the invalidity of his disciplinary conviction and because Gastelum-Almeida has not shown that the disciplinary conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, this action is premature.

Accordingly, the complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. 28 U.S.C. § 1915A(b)(1). The Clerk is directed to enter judgment dismissing the action without prejudice, to terminate any pending motion, and to close the case.

ORDERED in Tampa, Florida, on November 30, 2012.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE